IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Respondent, No. CR S-94-0294 WBS KJM

vs.

RICHARD GALICIA, Jr.,

Movant. ORDER

_____________________________________/

Movant is a federal prisoner proceeding pro se with a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 in which he raises a Booker/Blakely[1] challenge to the determination of drug quantity. The government has opposed the motion and movant has filed a reply. On February 5, 2007, he filed a motion, which he styles as a "Motion To Expand Record In Relation Back Motion To Original 2255."

Under Rule 7 of the Rules Governing Section 2255 Proceedings, a court may expand the record to include "additional materials relating to the motion." In this case, however, movant does not suggest that additional materials are necessary to the resolution of the pending motion. Although the basis of the motion is not entirely clear, it appears that movant is alleging

[1] Blakely v. Washington, 542 U.S. 296 (2004) and Booker v. United States, 543 U.S. 220 (2005).

that several of his state convictions used to calculate his criminal history are actually "wobblers," punishable as either felonies or misdemeanors, and thus should be stricken from his presentence report and his sentence recalculated. He relies, however, on cases discussing whether certain state offenses are deemed "aggravated felonies" for purposes of immigration law, not for purposes of calculating a federal sentence. Even with this confusion, it appears that movant is attempting to amend his motion to vacate to challenge a different aspect of the manner in which his sentence was determined.

Rule 12 of the Rules Governing Section 2255 Motions provides that the Federal Rules of Civil Procedure may be applied to § 2255 motions when appropriate. Several courts have thus found that requests to amend § 2255 motions should be evaluated under Rule 15 of the Federal Rules of Civil Procedure. See, e.g., United States v. Hicks, 282 F.3d 380, 386 (D.C. Cir. 2002). Subsection (a) of that rule provides that after a responsive pleading has been filed, a party may amend a pleading "by leave of court," which shall "be freely given when justice so requires."

In Nunes v. Ashcroft, 348 F.3d 815, 818 (9th Cir. 2003) (internal citation omitted), the Ninth Circuit explained:

> In assessing the propriety of a motion for leave to amend, we consider five factors: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint. Futility alone can justify the denial of a motion for leave to amend.

In this case, granting leave to amend would be futile. Movant's proposed new issue rests on case law defining when state convictions may be considered in deportation proceedings; he has presented nothing suggesting that the same principles are used to determine whether state convictions may be used in determining a criminal defendant's criminal history as part of determining the appropriate sentence under the Sentencing Guidelines.

Because any such amendment would be futile, the court will not consider whether such this claim would relate back to the original motion.

Accordingly, IT IS HEREBY ORDERED that movant's February 5, 2007 motion (docket no. 504) is denied.

DATED: June 6, 2007.

U.S. MAGISTRATE JUDGE

2

gali0294.exp