IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
|     Respondent, | No. CR S-94-0294 WBS KJM P |
| vs. | |
| RICHARD GALICIA, Jr., | |
|     Movant. | FINDINGS AND RECOMMENDATIONS |
| _____/ | |

Movant has filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255, alleging that this sentence was imposed in violation of his Sixth Amendment rights as defined in Booker v. United States, 543 U.S. 220 (2005), and Blakely v. Washington, 542 U.S. 296 (2004).

I. Background

Movant was charged with conspiring with several others to manufacture methamphetamine with the intent to distribute, 21 U.S.C. § 846 (count one); the manufacture of methamphetamine with the intent to distribute it, 21 U.S.C. § 841(a)(1) (count four); two counts of possession of methamphetamine with the intent to distribute it, 21 U.S.C. § 841(a)(1) (counts five and seven); being armed during a drug trafficking offense, 18 U.S.C. § 924(c)(1) (counts six and eight); and possession of a firearm by an ex-felon, 18 U.S.C. § 922 (count ten). Docket

No. 43. Before trial, the government filed an information, charging movant with his prior drug convictions under the procedure authorized by 21 U.S.C. § 851. See Docket No. 140; see also Docket No. 236 (records re: prior convictions).

      The locus of the conspiracy to manufacture methamphetamine was a lab maintained on Grand Island Road in Walnut Grove. RT 1405. Movant was already in jail when officers searched the property on July 20, 1994, but he was tied to the lab in several ways. RT 257. First, he rented a storage unit in Rio Vista, which contained materials associated with the manufacture of methamphetamine and which was visited by his co-defendants. See, e.g., RT 180-182, 186, 1034-1036, 1111. Second, during the search of movant's house and car, officers found approximately 887 grams of methamphetamine in two packages, $10,940 in cash, and a firearm. RT 203, 225, 231, 1394. Third, after Mendoza, another of the conspirators, had sold a pound of methamphetamine to an undercover police officer, other officers followed Mendoza to Galicia's house at 1714 27th Street in Sacramento. RT 306.

      Movant was convicted on all the counts alleged against him in the indictment. Docket No. 192. Movant was sentenced to concurrent terms of life on counts one, four, five and seven; a term of one hundred and twenty months on count six, to be served consecutively to the sentences in counts one, four, five and seven; a term of two hundred and forty months on count eight, to be served consecutively to that imposed on count six; and a term of one hundred and twenty months on count ten, to be served concurrently, for a total term of life plus three hundred and sixty months. Docket No. 331. The transcript of the sentencing hearing has, it appears, been lost. The government has submitted the declaration of Dale Kitching, the Special Assistant United States Attorney who prosecuted the case, who avers that movant's life sentence was based on his prior convictions; movant does not dispute this characterization. See Decl. of Dale E. Kitching (docket no. 500-2); Movant's Response Motion (docket no. 502).

      Movant appealed his conviction and sentence, arguing that the district court lacked jurisdiction because of irregularities in the appointment of Special Assistant United States

Attorney Kitching; that the search of his car was illegal; that the evidence was insufficient to connect him to the conspiracy; and that his mandatory life sentence constituted cruel and unusual punishment. The Ninth Circuit affirmed petitioner's conviction. United States v. Galicia, 1998 WL 856490 (9th Cir. Nov. 19, 1998). His petition for a writ of certiorari was denied on June 7, 1999. Galicia v. United States, 526 U.S. 1165 (1999).

On December 7, 2005, movant filed the instant motion to vacate his sentence, arguing that the life sentences were based on drug quantities not charged in the indictment and that he is actually innocent of the sentence. The government argues the motion is barred by the statute of limitations, that movant has procedurally defaulted his claims and that any error is harmless, in any event.

II. The Statute of Limitations

Section 2255 provides in part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 (f).

In this case, the judgment in movant's case was final on June 7, 1999, the date the Supreme Court denied review. Clay v. United States, 537 U.S. 522 (2003). Accordingly, the

/////

3

statute of limitations began to run on June 8, 1999 and expired June 7, 2000. Fed. R. Civ. P. 6(a) (excluding the day from which the period begins to run from the calculation of the time).

Movant argues, however, that the limitations period was triggered by the decisions in Blakely v. Washington, 542 U.S. 296 (2004), and Booker v. United States, 543 U.S. 220 (2005). 28 U.S.C. § 2255(f)(3). Respondent counters that neither Booker nor Blakely have been held to be retroactive to cases on collateral review. The government also suggests that if there is any triggering case, it is Apprendi v. United States, 530 U.S. 466 (2000), because movant's sentence is not based on the guidelines. See United States v. Isler, 429 F.3d 19, 30 (1st Cir. 2005) (Booker does not apply to mandatory life sentences imposed upon a finding of a threshold quantity of drugs and two prior drug convictions).

Neither Blakely nor Booker, nor even Apprendi, have been held to be retroactive to cases on collateral review. Schardt v. Payne, 414 F.3d 1025, 1036 (9th Cir. 2005) (Blakely); Carrington v. United States, 503 F.3d 888, 890 (9th Cir. 2007) (Booker); Cooper Smith v. Palamateer, 397 F.3d 1236, 1246 (9th Cir. 2005) (Apprendi). Even if movant could establish that his life sentence was based on the guidelines, he has not shown that Booker has been found to apply to cases on collateral review. Accordingly, the triggering date for the statute of limitations was not the decision in Booker, but rather the denial of certiorari in movant's direct appeal. The instant motion is untimely.

III.  Actual Innocence

Movant suggests he is actually innocent of the sentence imposed, largely because neither the triggering drug quantity nor his prior convictions were alleged in the indictment. The court interprets this claim as one brought under Schlup v. Delo, 513 U.S. 298 (1995). In that case, the Supreme Court held that a habeas petitioner who makes "a colorable showing of actual innocence" that would implicate a "fundamental miscarriage of justice" may be entitled to have "otherwise barred constitutional claim[s]" considered on the merits. Id. at 314-15. The Ninth Circuit has suggested that a sufficient Schlup showing might overcome the bar of the statute of

limitations.  Majoy v. Roe, 296 F.3d 770, 775 (9th Cir. 2002).  However, the Ninth Circuit has also held that the Schlup exception to the statute of limitations does not apply to a person who does not claim actual innocence, but rather "asserts only procedural violations without claiming actual innocence."  Johnson v. Knowles, 541 F.3d 933 (9th Cir. 2008).  Here, movant does not contend that his prior drug convictions were invalid or that he did not possess the triggering amount of 50 grams or more of methamphetamine or 500 grams or more of a mixture containing methamphetamine.  21 U.S.C. § 841(b)(1)(A)(viii).  Therefore, the court does not reach the merits of the actual innocence claim.

IT IS HEREBY RECOMMENDED that:

1  Movant's December 7, 2005 motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 be dismissed; and

2  The clerk of the court be directed to close the companion civil case Civ. No. S-05-2475 WBS KJM P.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time waives the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 22, 2009.

U.S. MAGISTRATE JUDGE

2/gali0294.257

5