1

John Balazs, Bar. No. 157287
Attorney at Law
916 2nd Street, Suite F

2

Sacramento, California 95814
Telephone: (916) 447-9299

3

Facsimile: (916) 557-1118
john@balazslaw.com

4

5

Attorney for Defendant
RICHARD GALICIA

6

7

8

9

UNITED STATES DISTRICT COURT

10

EASTERN DISTRICT OF CALIFORNIA

11

12

UNITED STATES OF AMERICA,

No.  2:94-CR-0294-WBS

13

Plaintiff,

~~PROPOSED~~ ORDER REGARDING
APPOINTMENT OF COUNSEL

14

v.

15

RICHARD GALICIA,

16

Defendant.

Hon. William B. Shubb

17

18

Defendant, Richard Galicia, through his attorney, John Balazs, hereby applies for an

19

order to expand his appointment to include the filing of a motion under 28 U.S.C. § 2255 and

20

further proceedings in connection with such a motion.  In support of this application, Mr. Galicia

21

avers as follows:

22

1.      On March 12, 1997, after conviction by jury trial, the district court sentenced

23

defendant Richard Galicia to life imprisonment plus a term of years based on his convictions of

24

various methamphetamine trafficking and firearm offenses.

25

2.      On June 11, 2015, defendant Richard Galicia filed a pro se motion to reduce his

26

sentence pursuant to 18 U.S.C. §3582(c)(2).  In an order filed January 15, 2016, the Court

27

appointed undersigned counsel to represent Mr. Galicia with respect to his motion.

28

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

3.      In reviewing Mr. Galicia's pro se § 3582 motion and presentence report, counsel discovered that Mr. Galicia has a potentially meritorious § 2255 motion and seeks to expand his appointment to cover such a motion.  Mr. Galicia was initially sentenced to mandatory life imprisonment based on an Information charging that he had suffered two qualifying felony drug prior convictions under 21 U.S.C. § 851.  Mr. Galicia attached to his  § 3582 motion court documents demonstrating that his two predicate felony drug offenses were reduced to misdemeanors pursuant to recently enacted California Proposition 47 and Cal. Pen. Code §1170.18.  Document 515, at 3-6.  As a result, counsel believes Mr. Galicia may have grounds to ask the Court to vacate his sentence because his two predicate convictions were converted to misdemeanors and no longer qualify as predicate felony drug offenses under 21 U.S.C. § 851. *See United States v. Lavalle*, 175 F.3d 1106 (1999) (the state court vacating defendant's prior conviction warrants reopening his sentence under § 2255 on the ground that the career offender guideline is no longer applicable).

4.      Although the Court has previously dismissed defendant's prior § 2255 motion in an order filed March 13, 2009 (document 514), counsel believes a new § 2255 motion based on the state court's orders reducing his predicate drug felony convictions to misdemeanors would be timely and would not run afoul of the restrictions against successive § 2255 motions.  The state court's orders reducing the two convictions to misdemeanors were filed May 18, 2015.  Document 513, at 3-6.  A § 2255 motion to set aside defendant's sentence based on those orders thus should be timely if filed within one year of the date of those orders.

5.      Moreover, because the facts reducing the convictions to misdemeanors were not present until May 18, 2015, defendant could not have relied on the vacated felony convictions when he filed his prior § 2255 motion and a new §2255 motion on this ground does not appear to be barred by the rule against the filing of successive §2255 motions without prior authorization from the U.S. Court of Appeals under 28 U.S.C. §2244(b)(3)(A).  *See, e.g., United States v. Hairston*, 754 F.3d 258, 260-62 (4th Cir. 2014).

6.      Because defendant may have a potentially meritorious § 2255 motion, the Court should grant his instant application to expand his counsel's appointment to include the filing and litigating of a § 2255 motion on the grounds set forth herein.  The CJA panel administrator has

1    authorized counsel to make his request.

2                                         Respectfully submitted,

3        Dated:   February 13, 2016

4                                          /s/*John Balazs*
                                           JOHN BALAZS
5
                                           Attorney for Defendant
6                                          RICHARD GALICIA

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**ORDER**

2          IT IS SO ORDERED.  However, nothing in this Order should be construed as an opinion

3    on the merits, timeliness, or procedural correctness of defendant's proposed section 2255

4    petition.

5    Dated:  April 8, 2016

6    WILLIAM B. SHUBB
     UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28