UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>RICHARD GALICA,<br><br>Movant. | No. 2:94-cr-0294 WBS CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

Movant is proceeding with counsel with a motion for habeas corpus relief under 28 U.S.C. § 2255. He is serving a sentence of life imprisonment imposed on drug-related offenses and offenses related to the possession and use of a firearm.

Movant's life sentence is partially the result of the fact that at sentencing it was determined that movant had suffered at least two prior felony drug offense convictions. See 21 U.S.C. § 841(b)(1)(A). Movant provides the court with evidence indicating two of those felony drug offense convictions were reduced to misdemeanors by the Yolo County Superior Court on May 18, 2015 pursuant to California's Proposition 47.[1] Movant seeks a reduction of his sentence in this action as a result of the change.

/////

---

[1] Proposition 47 was a California referendum concerning the re-categorization of some non-violent felonies as misdemeanors. It was passed by voters on November 4, 2014.

1

However, as acknowledged by movant, the Ninth Circuit has found that reclassification of a felony as a misdemeanor as a result of Proposition 47 "does not undermine a prior conviction's felony-status for purposes of § 841."[2] <u>United States v. Diaz</u>, 838 F.3d 968, 975 (9th Cir. 2016).[3] Accordingly, movant's sentence must be affirmed and his § 2255 motion rejected.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Movant's May 11, 2016 motion for habeas corpus relief under 28 U.S.C. § 2255 (ECF No. 529) be denied; and

2. The Clerk of the Court be directed to close the companion civil case No. 2:16-cv-1001 WBS CKD.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections, movant may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. <u>See</u> Rule 11, Federal Rules Governing Section 2255 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the

/////
/////
/////
/////
/////

---

[2] Movant asserts he makes his Proposition 47 related argument "in the event of a change in the law . . ." ECF No. 529 at 2.

[3] The Supreme Court denied certiorari in <u>Diaz</u> on January 23, 2017. <u>Vasquez v. U.S.</u>, 137 S. Ct. 840 (2017).

specified time waives the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 19, 2017

                                       */s/ Carolyn K. Delaney*
                                       CAROLYN K. DELANEY
                                       UNITED STATES MAGISTRATE JUDGE

1
gali0294.257