UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>   v.<br><br>RICHARD GALICIA,<br><br>    Defendant. | No. 2:94-cr-0294-06 WBS<br><br><br>ORDER |

----oo0oo----

       Before the court is defendant Richard Galicia's ("defendant") Motion seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Docket No. 542.)  The United States opposes the motion.  (Docket No. 547.)

I.   Factual and Procedural Background

       Defendant was convicted after a jury trial of conspiracy to manufacture methamphetamine with intent to distribute methamphetamine in violation 21 U.S.C. §§ 846 and 841(a)(1), possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1), and being a felon in

1

possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Docket No. 542 at 3.)  Before trial, the government filed a Notice of Information under 21 U.S.C. § 851 charging that defendant had sustained three prior state convictions for "felony drug offenses" including: (1) possession of a controlled substance in January 1989, (2) possession of a controlled substance in February 1990, and (3) possession of methamphetamine for sale in June 1990.  (Id. at 2.)  At that time, possession of a controlled substance constituted a "felony drug offense" under state law.  See 21 U.S.C. § 802(44); see United States v. Flores-Rosales, 516 F.3d 749, 758-59 (9th Cir. 2008).

The court sentenced defendant on March 12, 1997. (Docket No. 323.)  The Presentence Report set defendant's guideline range at 360 months to life based on an offense level of 40 and a criminal history category VI.  (See Docket No. 542 at 3.)  However, the court was required to impose mandatory sentence of life imprisonment on the drug counts under 21 U.S.C. § 841(b)(1)(A).  (Id. at 4.)  On appeal, the Ninth Circuit affirmed the judgment and sentence.  (Id.)

On November 4, 2014, California enacted Proposition 47, which reclassified certain nonviolent offenses, including drug possession, from felonies to misdemeanors.  (Id.)  In orders filed May 18, 2016, the Yolo County Superior Court granted defendant's petitions to have his two prior drug possession convictions re-designated as misdemeanors.  (Id. at Ex. C.) Because his two prior drug offenses had been re-designated as misdemeanors, Galicia filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) and a motion to vacate under 28 U.S.C. §

1  2255.  (Docket Nos. 528, 529.)  This court denied both motions
2  based on United States v. Diaz, 821 F.3d 1051, amended on denial
3  of reh'g and reh'g en banc, 838 F.3d 968 (9th Cir. 2016).[1]
4           In 2018, Congress passed the First Step Act which
5  amended 21 U.S.C. § 841(b) so that only a "serious drug felony"
6  conviction now triggers the statute's enhanced penalties, rather
7  than any "felony drug offense" conviction.  Compare 21 U.S.C. §
8  802(57) (defining "serious drug felony") with 21 U.S.C. § 802(44)
9  (defining "felony drug offense").  Because none of defendant's
10 three prior drug convictions qualify as a "serious drug felony",
11 he would no longer face a mandatory life sentence if sentenced
12 today for the same offense.  (See Docket No. 542 at 5.)
13 Defendant contends that this statutory change, in addition to his
14 medical conditions which render him "high risk" during the COVID-
15 19 pandemic, constitute "extraordinary and compelling reasons" to
16 reduce his sentence to 30 years imprisonment under 18 U.S.C. §
17 3582(c)(1)(A). (See id. at 2.)
18 II.  Discussion
19          Before a defendant may file a motion seeking a time-
20 served sentence under § 3582(c)(1)(A)(i), he must have first
21 "fully exhausted all administrative rights to appeal a failure of
22 the Bureau of Prisons to bring a motion on the defendant's behalf
23 or the lapse of 30 days from the receipt of such a request by the
24 warden of the defendant's facility, whichever is earlier[.]"  18

---

[1] In Diaz, the Ninth Circuit held that "California's Prop 47, offering post-conviction relief by reclassifying certain felony convictions as misdemeanors, does not undermine a prior conviction's felony-status" for purposes of 21 U.S.C. § 841 sentencing enhancements.  See id. at 975.

3

U.S.C. § 3582(c)(1)(A)(i).[2]  In order to be eligible for compassionate release, the defendant must then demonstrate: (1) the existence of "extraordinary and compelling" reasons, (2) that he is not a danger to the safety of any other person or the community to the community, (3) that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.  See 18 U.S.C. § 3582(c)(1)A)(i)-(ii).

The First Step Act amended § 3582(c)(1)(A) to permit a defendant to seek compassionate release after fully exhausting administrative remedies for the failure of the Bureau of Prisons to bring a motion on behalf of the defendant, or 30 days after requesting the warden of the facility to bring such a motion.  See First Step Act of 2018, § 603(b).  Importantly, other than authorizing a defendant to file a motion for relief, § 3582(c)(1)(A) remains unchanged after the First Step Act.  See United States v. Nasirun, No. 8:99-CR-367, 2020 WL 686030, at * 2 (M.D. Fla. Feb. 11, 2020.)

The Application Notes of Section 1B1.13 of the Sentencing Guidelines define the "extraordinary and compelling reasons" that make a defendant eligible for compassionate release.  See U.S.S.G. §1B1.13 (U.S. Sentencing Comm'n 2018).  The examples of extraordinary and compelling reasons for compassionate release as relevant here are: (1) "a terminal illness", see id. at n.1(A)(i); (2) a serious medical condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional

---

[2]     It is undisputed that the defendant has satisfied the "exhaustion" requirement in § 3582(c)(1)(A).

1  facility and from which he or she is not expected to recover",
2  see id. at n.1(A)(ii); (3) the defendant is at least 65 years
3  old, experiencing a serious deterioration in physical or mental
4  health because of the aging process and "has served at least 10
5  years or 75 percent of his or her term of imprisonment, whichever
6  is less", Id. at n.(1)(B); or (4) "[a]s determined by the
7  Director of the Bureau of Prisons ("BOP"), there exists in the
8  defendant's case an extraordinary and compelling reason other
9  than, or in combination with, the reasons described in
10 subdivisions (A) through (C)". Id. at n.(1)(D).[3]

11         Defendant contends that his medical issues place him at
12 high risk for COVID-19 and constitute "extraordinary and
13 compelling circumstances" under 3582(c)(1)(A).  The court
14 recognizes that defendant is 54 years old, obese, has been
15 diagnosed with hypertension, Hepatitis C, spinal degeneration,
16 scoliosis, chronic back pain, and is housed at FCC Terre Haute,
17 which has had numerous inmates test positive for the coronavirus.
18 (Docket No. 542 at 14-20.)  Nevertheless, it appears that the
19 Bureau of Prisons has been able to sufficiently treat his medical

---

[3] The Second Circuit recently held that Application Note 1(D) "does not apply to compassionate release motions brought directly to the court by a defendant under the First Step Act." United States v. Brooker, 976 F.3d 228, 230 (2nd Cir. 2020). Under this interpretation, district courts have broad discretion to determine in the first instance what constitutes an "extraordinary and compelling reason," and "[t]he only statutory limit on what a court may consider to be extraordinary and compelling is that '[r]ehabilitation . . . alone shall not be considered an extraordinary and compelling reason.'" Id. at 237-38.
   There is no Ninth Circuit authority on the issue of the application of § 1B1.1 to compassionate release motions brought under the First Step Act.

conditions.

Moreover, the defendant has made no showing that he would receive any better care outside of the Bureau of Prisons or that he would be better able to get a COVID-19 vaccination outside of federal custody than he would be in custody.  Overall, defendant has not shown that his medical conditions, along with the COVID-19 pandemic, qualify as extraordinary and compelling reasons for release under 18 U.S.C. § 3582(c)(1)(A).  See, e.g., United States v. Williams, No. 2:13-cr-383 TLN, 2020 WL 3402439, *2 (E.D. Cal. June 19, 2020) (defendant's confinement at FCI Lompoc and diagnosis of hypertension along with other medical history and prevalence of COVID-19, was insufficient to show extraordinary circumstances under 18 U.S.C. § 3582(c)(1)(A)).)

Defendant also argues that, following the changes imposed by the First Step Act, "defendants convicted of the same offenses with the same criminal history would face a statutory penalty range of 10 years to life rather than mandatory life imprisonment."  (Docket No. 542 at 12.)[4]  Some courts have found that the fact that a defendant would receive a shorter sentence if convicted today is a factor weighing in favor of granting compassionate release.  See United States v. Cantu Rivera, No. 89-CR-0204, 2019 WL 2578272, at *2 (S.D. Tex. June 24, 2019).

Defendant reasons that if the court were not required to impose the mandatory sentence of life imprisonment it would sentence him to less because he is 54 years old, has served more

---

[4] Defendant does not claim that he is entitled to a reduction in his sentence under § 3582(c)(2) of the First Step Act.

1 than 26 years in custody, and was sentenced for a non-violent
2 offense.  (See Docket No. 542 at 19.)  He also cites his strong
3 familial ties.  (Id. at 20.)  None of these reasons, however, are
4 encompassed within the "extraordinary and compelling"
5 circumstances in the policy statement of § 1B1.13, even if
6 considered in combination with the three criteria in the
7 application notes.
8           Moreover, even assuming the court may consider factors
9 not included in the Sentencing Commission's policy statements,
10 see e.g., Brooker, 976 F.3d at 236-238, the court would not be
11 persuaded to reduce defendant's sentence under § 3582(c)(1)(A).
12 To be eligible for compassionate release, defendant must
13 demonstrate that he is "not a danger to the safety of any other
14 person or to the community."  See U.S.S.G. § 1B1.13(2).
15 Defendant's lengthy disciplinary history while in BOP custody,
16 which includes use of drugs, possessing unauthorized items,
17 possession of a dangerous weapon, fighting, and assault with
18 serious injury, militates against such a finding.  (See Docket
19 No. 547, Ex. 2).
20           IT IS THEREFORE ORDERED that defendant's motion for
21 sentence reduction (Docket No. 542), be, and the same hereby is,
22 DENIED.

23 Dated:  January 7, 2021

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE